**BURGESS v. MURRAY et al.**

No. 13463.

United States Court of Appeals
Fifth Circuit.

Feb. 7, 1952.

Rehearing Denied March 20, 1952.

J. Hubert Farmer, Dothan, Ala., for appellant.

E. Dixie Beggs, George Earl Hoffman, U. S. Atty., Pensacola, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree awarding to Lucille Murray, one of the appellees, as guardian of her two minor children, the proceeds of a National Service Life Insurance policy. Charles Matthew Murray, father of the two minor children and husband of Lucille Murray, while in the military service, applied for and was granted such a policy in the sum of $10,000, in which he designated his father as principal beneficiary, and his sister, the appellant, as contingent beneficiary. The insured died on January 12, 1945. On November 23, 1943, the insured wrote a letter to his father, which reads in part as follows: "If anything does happen that I'll not come back I want you to see that my two children are taken care of the best you can. Unless you need the insurance money in case of sickness or

any other emergency, and you think the kids are doing fine I want you to save it for them when they get older and may need it for education, understand? Now in case anything happened to you before the insurance is paid Gladys will become beneficiary and I want her to do the same. Other words only in case of emergency of any of my relatives do I want the money spent. I want my children to get it if anything happens to me, but I want them to know where it came from and I want them to get it as they need it, and see to it that they alone get it." The principal beneficiary died before receiving any proceeds of this insurance; but the appellant, as contingent beneficiary, received $858, of which amount she spent $478 as expenses incurred by the illness and death of the principal beneficiary. Further payments to appellant were stopped because of the claim asserted on behalf of the minor children. Appellee Lucille Murray filed a claim with the Veterans' Administration in November, 1946, in which she asked that the insurance funds be awarded to the two children, either in a trust fund or to a guardian appointed by the courts. The Veterans' Administration, in April, 1947, disallowed her claim.

In June, 1947, appellee filed a petition in the lower court praying that the court declare the appellant to be a trustee of the proceeds of this insurance for the benefit of the minor children. The appellant opposed the relief sought, denying that the letter created a trust. The court determined that the letter created a trust, and announced its desire that a proper party qualify as guardian with the state court and, by application to intervene, seek the right to administer the insurance funds for the benefit of the children. The appellee qualified as guardian in a state court under the laws of Florida, and her application to intervene was granted. The appellant filed an answer and cross-petition, in which she prayed that she be declared trustee of the insurance funds. The court found that the letter constituted a change in the designation of beneficiaries of the policy so as to make the proceeds payable for the use and benefit of the insured's two minor children, and held that the appellee, in her capacity

as guardian, was entitled to be paid the full amount of the benefits payable under the policy, less the amount already expended in connection with the illness and death of the insured's father.

The appellant contends that the lower court erred in that it disregarded the letter and spirit of the soldier's communication to his father, and his instruction to the Veterans' Administration; that the court failed to recognize in any way the expressed desire of the insured that the insurance proceeds should be used in case of sickness or any emergency as to any of his relatives; that the district court was without authority to order the insurance benefits paid to the guardian, whose authority was derived from a state court and whose liability may be determined and fixed only by such court; and that the court erred in not ordering the insurance proceeds paid to appellant as the designated beneficiary thereof, and as trustee with said trust thereafter to be supervised by the district court.

We are of the opinion that the decree of the lower court was in accord with the desire of the insured, and that the results which he was seeking to accomplish by the letter to his father will be most effectively produced by ordering the insurance benefits paid to the children through their mother and guardian. The children having reached the ages of 14 and 12 years, respectively, when the decree was signed, it is clear that the time had arrived to which the insured referred when he asked that the money be used for the children's education. It was stated in argument that their ages are now 16 and 14, respectively.

■ Without deciding whether the letter created a trust for the insured's relatives, we think that the period has now elapsed during which any of the fund could be used for their benefit. It is clear that the insured desired that the money be saved until his children needed it for their education, and that in the interim it should be used "only in case of emergency of any of my relatives." There having been no emergency other than the death of the insured's father, and the time for the principal use of the funds having arrived, the purpose of that part of the letter referring to emergen-

cy uses has been served, and should no longer affect the funds receivable under the policy. The period during which the insured wanted his father or sister to save the money for the benefit of the children has terminated; and, the time for the children's higher education having arrived, the logical and practical thing to do is to entrust the money to their legal guardian. The guardian in question is prohibited by law from using the funds in any way contrary to the interest of the minor children, and she is subject to supervision by the County Judge. Sections 744.51 and 744.64, Florida Statutes, 1949, F.S.A.

The United States district courts are courts of equity as well as of law, admiralty, and bankruptcy. As courts of equity they have the power, in a proper case, to appoint trustees, remove them, appoint their successors, and to declare the existence or termination of a trust. It is well settled that equity will never allow an express trust validly created to fail for want of a trustee. Pomeroy's Equity Jurisprudence, Vol. 4, Sec. 1087, p. 260.

In the instant case, the court below, principally, was exercising equitable jurisdiction, though both its legal and equitable powers may be invoked to support its judgment. The learned chancellor exercised an entirely sound discretion in this matter, and his decision should not be disturbed.

Affirmed.