Mrs. Dora Mattie STAFFORD et al.

v.

UNITED STATES of America.

Civ. A. No. 4410.

United States District Court,
W. D. Louisiana, Shreveport Division.

Feb. 25, 1955.

Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for Mrs. Dora Mattie Stafford.

John F. Rau, Jr., Gretna, La., for Paul Edward Stafford and Mrs. Barbara Mae Stafford Murphy.

T. Fitzhugh Wilson, U. S. Atty., Meredith T. Holt, Asst. U. S. Atty., Shreveport, La., for defendant.

DAWKINS, Jr., Chief Judge.

While in the armed service of the United States, Paul Ezequal Stafford applied for, and was issued, a $4,000 policy of National Service Life Insurance. He died on January 27, 1953, the policy then being in full force and effect.

Originally, he designated his son and daughter, Paul Edward Stafford and Mrs. Barbara Mae Stafford Murphy, as the

beneficiaries of the policy, share and share alike. On January 25, 1953, however, two days before his death, he executed a Veterans Administration Form 9-336, substituting his mother, Mrs. Dora Mattie Stafford, as his sole beneficiary, and his brother, Jehu David Stafford, as contingent beneficiary.

In addition to filling in all required blanks in the change of beneficiary form, the insured wrote, or had written, in the "Remarks" section of the form, the following: "This to take care of unpaid debts to Mrs. Dora Mattie Stafford in case of her death Jehu David Stafford is to take care of all unpaid debts".

Following her son's death, Mrs. Dora Mattie Stafford regularly filed a claim with the Veterans Administration for the proceeds of the policy. Administratively, the claim was finally denied, the Veterans Administration taking the position that the action effected by the insured on January 25, 1953, was "in the nature of an assignment" to a creditor, which it contends is proscribed by the policy and by 38 U.S.C.A. § 454a. Accordingly, it urges that the attempted change was ineffective and that the original beneficiaries are entitled to the proceeds. No question is raised by anyone as to the insured's mental competency at any time before his death.

Thereafter, this suit against the Government, for the policy proceeds, was brought by Mrs. Dora Mattie Stafford. In its answer, defendant reiterated its position, as just stated, and prayed for a dismissal of plaintiff's demands. Later, upon defendant's motion, we ordered that the original beneficiaries be added to the suit as parties plaintiff. They in turn filed a third-party complaint against the Government and Mrs. Stafford, adopting the same position as the Veterans Administration.

Mrs. Stafford then moved for a summary judgment in her favor. After considering the briefs of all parties, the authorities cited, a stipulation that the insured actually owed his mother approximately $4,000 when he changed beneficiaries, and that the policy contains a provision reading, "This policy is not assignable by the insured"; and all parties having agreed that there is no dispute about the facts, a pure question of law being presented, we orally sustained Mrs. Stafford's motion, reserving the privilege of filing written reasons for our action.

This is a case of first impression, in so far as it involves an interpretation of 38 U.S.C.A. § 454a, in the light of the facts here involved. Counsel and the Court have been unable to find any earlier jurisprudence dealing with the precise point before us. The pertinent part of that section reads as follows:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Our reasons for ruling on the motion as we did are these:

1.) Under the express terms of the National Service Life Insurance Act, the insured had an absolute right to change beneficiaries, no matter what were his motives.

" * * * The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, * * * and shall * * * at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries * * *." 38 U.S.C.A. § 802(g).

2.) Beneficiaries have no vested rights in the insurance, and an insured may change beneficiaries at any time without the consent or knowledge of pre-

vious beneficiaries. Dodd v. U. S., D.C., 1948, 76 F.Supp. 991; Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29.

■ 3.) The insured's mother was within the class of persons permitted to be designated as beneficiaries by the Act. 38 U.S.C.A. § 802(g).

■ 4.) Even in the absence of a formal change of beneficiaries, courts consistently have sought to ascertain and enforce the true intention of the insured. Hart v. U. S., D.C., 1949, 84 F.Supp. 912; Kell v. U. S., 5 Cir., 1953, 202 F.2d 143; Moths v. U. S., 7 Cir., 1950, 179 F.2d 824; Prose v. Davis, 7 Cir., 1949, 177 F.2d 478, certiorari denied, 339 U.S. 920, 70 S.Ct. 624, 94 L.Ed. 1344.

■ 5.) The broad purpose of the whole Act was to protect the insured's family against hardship:

"Congress through war risk insurance legislation has long sought to protect from financial hardship the surviving families of those who had served under the nation's flag." U. S. v. Henning, 344 U.S. 66, 71, 73 S.Ct. 114, 117, 97 L.Ed. 101.

■ It is our opinion that the prime intention of Congress, by adopting the provisions of section 454a, was to protect the legally designated beneficiaries of such insurance against the pressure of third party creditors, either of the insured or of their own. That a named beneficiary, a member of his family, also happened to be a creditor of the insured does not make the beneficiary designation an assignment within the prohibition of the section.

■ 6.) Despite the language used by the insured, showing his motives, his action was not an assignment, or "in the nature of an assignment". It was a simple change of beneficiaries in favor of one legally entitled to be named as such. The insured could have changed beneficiaries again at any time.

These were the considerations which impelled our decision.