Christina H. SMITH, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Defendant.

METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Cross-Claimant,

v.

Christina H. SMITH and Husted N. Smith, Cross-defendants.

No. 34818.

United States District Court
N. D. California, S. D.
June 30, 1956.

Jacobsen & Tobin, San Francisco, Cal., for Christina Smith.

Hadsell, Murman & Bishop, San Francisco, Cal., for Husted Smith.

OLIVER J. CARTER, District Judge.

This dispute is between the father and a former wife of a deceased Government employee, both of whom claim the proceeds of a Federal Group Life Insurance Policy that covered the decedent. The former wife, Christina Smith, originated the action by restraining the Metropolitan Life Insurance Company from distributing the proceeds of the policy to the decedent's father, Husted Smith; the insurance company interpleaded Husted Smith, deposited the proceeds of the policy into the Registry of the Court, and was dismissed from the litigation.

The decedent, Harold Smith, was a Post Office employee. He originally designated Christina Smith the beneficiary of his Federal Group Life Insurance, and that was the only designation of a beneficiary he ever made. Harold Smith died from cancer, and the disease had drastically affected his mind for a period of time before his death. Twenty-one days before his death, and while Harold Smith was mentally incompetent, he was placed in a retired status by the Post Office Department. Section 11 of the Group Policy in question provides in part that any designation of beneficiary shall automatically cease to be effective on the date of

retirement of the insured employee, and that section further provides:

"If, at the death of the Employee, there be no designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no designated Beneficiary shall be payable to the person or persons listed below surviving at the date of the Employee's death, in the following order of precedence:

"(1) To the widow or widower of the Employee;

"(2) If neither of the above, to the child or children of such Employee * * *

"(3) If none of the above, to the parents of such Employee or the survivor of them * * *."

Husted Smith's claim is based on the fact that after Harold Smith was retired by the Post Office, no new designation of beneficiary was filed by him (since he was incompetent), and therefore Husted claims that there was no designated beneficiary at the time of Harold's death, and that Husted is entitled to the proceeds of the policy as the surviving parent of the decedent, there being no widow or children of the decedent.

Harold Smith and Christina Smith were married in 1930 and were divorced in 1950. Harold remarried and was divorced a second time in 1953. After his second divorce, Harold and his first wife, Christina, became friendly again. During his last illness, which extended over a period of several months, Christina visited Harold frequently in the hospital. He made her the beneficiary of his Government insurance and the primary beneficiary under his will, as well as the executrix of his estate. It is abundantly clear, and this Court finds as a matter of fact, that Harold intended Christina to be the beneficiary of his Government insurance.

The statutes creating Federal Employees' Group Life Insurance, 5 U.S. C.A. § 2091 et seq., have not yet been construed by any court; but guidance may be found in general principles of insurance law, and in cases involving National Service Life Insurance. With regard to the latter, it is noted that many courts have passed upon situations in which an insured under a National Service Life Insurance Policy attempted to change the designation of beneficiary under his policy, but failed to comply with the technical requirements set forth in the policy as the means to accomplish such a change. The universal rule of those cases is that the policy provisions specifying the method of changing the designated beneficiary are for the benefit of the insurer and not the insured, and that the clear intention of the insured should be given effect even though the method specified in the policy is not followed. In Gerstenlauer v. United States, D.C.E.D.N.Y., 108 F.Supp. 654, 657, the court said:

"The provision concerning the method to be followed in creating evidence that [the right to change the beneficiary] has been exercised, is in aid of administration, and does not affect the essential relationship between the insured and the insurer. Upon one occasion at least, that provision has been judicially declared to have been for the convenience of the Government to minimize the possibility of making payments to persons not entitled to receive the same. Murphy v. United States, D.C., 5 F. Supp. 583 * * *."

The court further said 108 F.Supp. at page 658:

"It is unnecessary to quote from the many cases in which the courts have looked to the substance rather than to the form in giving effect to a change in beneficiary named in Government life insurance policies, where the purpose is clear and all reasonable efforts have been made to effectuate it. The following have been consulted, among others: Burgess v. Murray, 5 Cir., 194 F.2d 131; Boring v. United States, 10 Cir., 181 F.2d 931; Senato v. United States, 2 Cir., 173 F.2d 493."

In McKewen v. McKewen, 5 Cir., 165 F.2d 761, 764, the court said:

" * * * the provisions for written notice of change of beneficiary in such insurance contracts are for the benefit of the insurer * * *."

And in Johnson v. White, 8 Cir., 39 F. 2d 793, 796, the court said:

"It is urged on behalf of appellee that the change of the beneficiary was not made in the manner required by the regulations, and that the change could only be made in the manner as provided. The regulations, however, were largely for the protection of the government * * *."

That the provisions for automatic cancellation of a designation of beneficiary in the policy in question were inserted purely for administrative convenience is shown by the Civil Service Commission "Life Insurance Manual," issued December, 1954, which has the following to say about the provisions relied upon here by Husted Smith (Chapter I–3–20 and I–3–21):

"Note that a designation [of beneficiary] is automatically canceled where an employee transfers from one agency to another, even though there is no break in service. This puts the employing office in a position of knowing at all times whether or not an employee has a valid designation on file. Similarly, the automatic cancellation in the case of a retiring employee puts the Civil Service Commission in the position of knowing at all times whether or not there is a valid designation of beneficiary on file for a retired employee. Thus, in the event of an employee's death, his employing office will know, without having to check with agencies in which he may have previously worked, whether the employee designated a beneficiary."

Therefore it is the conclusion of this Court that the provisions for automatic cancellation of a designation of beneficiary in the policy here considered, are procedural rather than substantive, and need not be strictly complied with. This is particularly true where, as here, the insurer and the government agencies for whose benefit the provision was written are no longer parties to the proceeding. In United States v. Pahmer, D.C. S.D.N.Y., 136 F.Supp. 762, 764, the court stated:

"While the regulations provide that 'a change of beneficiary to be effective must be made by notice in writing signed by the insured and forwarded to the Veterans' Administration', the cases are clear that this provision is for the protection of the government, and compliance therewith is not essential in determining the rights of adverse claimants * * *."

And in Johnston v. Kearns, 107 Cal. App. 557, 560, 290 P. 640, 641, the court quoted the following with approval:

" ' * * * while a change of beneficiaries must be made under certain formalities for the protection of the insurer, yet, in cases where the company has waived defending by interpleading, and has paid the money into court, and has no further interest in the litigation between the parties, a far more liberal rule obtains, and * * * courts of equity seek to do that which the insured apparently intended to have done, and to award the fund to that claimant who had the strongest claim therefor under the existing conditions.' "

The California Supreme Court also gave voice to this rule in Cook v. Cook, 17 Cal.2d 639, 648, 111 P.2d 322, 328:

"The rigor of the rule requiring that the method provided by the policy for a change of beneficiary must be followed, is relaxed when the controversy is between conflicting claimants and the insurer is not raising the issue. Pimentel v. Conselho Supremo, etc., 6 Cal.2d 182, 57 P.2d 131, 133."

Another rule that is well settled and often applied in cases where an insured intended to change the beneficiary of a policy but failed to comply with the required formalities, is that where circumstances beyond the insured's control prevent him from complying with the formalities, equity will consider done that which was intended to be done. See Cook v. Cook, supra, in which the court quoted from the Pimentel case as follows, 17 Cal.2d at pages 648–649, 111 P.2d at page 328:

" 'There are three often-repeated and well-recognized exceptions to the rule that where the contract of insurance provides a method for making a change of beneficiary the insured must follow substantially the method prescribed: (1) * * * (2) If it is beyond the power of the insured to comply literally with the regulations a court of equity will treat the change as having been made * * *.' "

Johnston v. Kearns, supra, also quotes from an earlier case to the same effect. The application of this rule to the case at bar is obvious; here the insured clearly intended that Christina should be the beneficiary of his government life insurance, but intervening mental incompetence put it beyond his power to comply with the regulations for reaffirming his designation. Accordingly, this Court will consider done that which the insured clearly intended to be done, and will award the fund on deposit in the Registry of this Court to Christina Smith.

The importance of the intention of the insured, and the weight to be given to that intention, are continually emphasized in the authorities. The following are illustrative: in Stafford v. United States, D.C.W.D.La., 128 F.Supp. 435, 437, the court said:

"4.) Even in the absence of a formal change of beneficiaries, courts consistently have sought to ascertain and enforce the true intention of the insured. Hart v. U. S., D.C.1949, 84

F.Supp. 912; Kell v. U. S., 5 Cir., 1953, 202 F.2d 143; Moths v. U. S., 7 Cir., 1950, 179 F.2d 824; Prose v. Davis, 7 Cir., 1949, 177 F.2d 478, certiorari denied, 339 U.S. 920, 70 S. Ct. 624, 94 L.Ed. 1344. * * * "

And in Batts v. United States, D.C.E. D.N.C., 120 F.Supp. 26, 31:

"It has been said that the designation of a beneficiary, or the cancellation or revocation of a designation already made, constitutes what is analogous to a testamentary act; and the cardinal rule in the construction of testamentary matters is that the intention of the testator must be ascertained and honored, if possible."

Because it is the finding of this Court that the insured intended Christina Smith to be the beneficiary of the policy, and because on a balancing of the equities between the rival claimants all the equities are in favor of Christina Smith, and because it was beyond the power of the insured to comply with the formalities of the policy (which formalities were designed purely for administrative convenience), judgment is hereby awarded to Christina Smith.

During the trial counsel for cross-defendant, Husted Smith, moved to strike cross-claimant Christina Smith's exhibits 1, 2 and 3, and certain testimony offered by Albert O. Hawkins, a witness on behalf of cross-claimant Christina Smith. A ruling was reserved on these motions. Exhibit 1 is the Veterans' Administration medical file on the deceased. Exhibit 2 is that portion of the deceased's personnel file with the San Francisco Post Office dealing with insurance and/or retirement. Exhibit 3 is a blank form dealing with retirement used by the Post Office. Hawkins' testimony goes to circumstances surrounding the designation of beneficiary. All of these exhibits and the testimony deal with subjects relevant to the issues in the case, and the motions to strike are, and each of them is hereby denied.

Counsel for Christina Smith are directed to prepare findings of fact, conclusions of law and a judgment in accordance herewith.