**Karen AUSTIN, Plaintiff,**

**v.**

**Robert C. SEARS et al., Defendants.**

**METROPOLITAN LIFE INSURANCE CO., a corporation, Cross-Claimant,**

**v.**

**Karen AUSTIN, Robert C. Sears, and Lavonne Stern, Cross-Defendants.**

**No. 37866.**

United States District Court
N. D. California, S. D.

Jan. 18, 1960.

Barkan & Glickman, San Francisco, Cal., for plaintiff.

Jack K. Berman, San Francisco, Cal., for defendants.

Knight, Boland & Riordan, San Francisco, Cal., for defendant and cross-claimant.

BURKE, District Judge.

This is an action by one Karen Austin for the proceeds of a Federal Group Life Insurance Policy issued by Metropolitan Life Insurance Co. The insurance company has deposited the funds in dispute into the registry of the court and is no

longer a party to the litigation. The defendants are Robert C. Sears and LaVonne Stern, a son and adopted daughter of Cecil Sears.

The Group policy involved became effective on or about November 24, 1954 and Cecil Sears, an employee of the Internal Revenue Service, thereafter became insured according to the terms and to the extent therein provided.[1] The relevant section of the Group policy, Section 11, as amended, provides in part as follows:

"Section 11. Beneficiaries.—Any Employee insured hereunder may designate a Beneficiary and may, from time to time, change his designation of beneficiary, only by filing written notice thereof, signed and witnessed, with his employing office or in the case of (1) a retired Employee and (2) an Employee whose Life Insurance hereunder is continued while he is in receipt of benefits under the Federal Employees' Compensation Act, with the Policy-Holder, whereupon an acknowledgment of such designation or change will be furnished the Employee. Consent of the Beneficiary shall not be requisite to any change of beneficiary. A witness to a designation or change of beneficiary shall be ineligible to receive payment as a Beneficiary. A designation or change of beneficiary shall take effect only if it is received by the appropriate office prior to the death of the Employee and shall be effective as of the date of receipt of said written notice. * * *

"If, at the death of the Employee, there be no designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no designated Beneficiary shall be payable to the person or persons listed below surviving at the date of the Employee's death, in the following order of precedence:

(1) To the widow or widower of the Employee;

(2) If neither of the above, to the child or children of such Employee and descendants of deceased children by representation; * * *"

On October 31, 1956 Cecil Sears retired from his occupation as a federal employee without having made a written designation of beneficiary as provided in the policy. At the time of his death on August 8, 1958 no designation of beneficiary had been accomplished in the manner contemplated by Section 11. However, while the decedent had been furnished the usual Federal Employee's Group Life Insurance Retired Employee's Certificate (consisting of one printed sheet) he, like all federal employees, had not been furnished with a copy of the insurance policy itself, but merely received said certificate. The certificate explains "in general terms" the available rights and benefits. The reverse side of the certificate under the heading "Who Receives Your Insurance Benefits?" provides as follows:

"You do not need to name a beneficiary if you are satisfied to have your life insurance benefits paid in the order of precedence noted below. If you are survived by a designated beneficiary, the benefits will be paid to the beneficiary. If there is no designated beneficiary surviving, the benefits will be paid to your widow or widower under category (1); and if you have no survivor falling in category (1), the benefits will be paid to the survivors falling in category (2); and so on, as necessary, to the other categories.

(1) Your widow or widower.

(2) Your child or children in equal shares, with the share of any

---

1. Federal employees need not apply for insurance coverage but are automatically insured under the group life insurance plan. Employees are deemed insured un-less they file a "Waiver of Life Insurance Coverage" pursuant to § 37.3 of Title 5, Code of Federal Regulations.

deceased child distributed among the descendants of that child.

(3) Your parents in equal shares or the entire amount to the surviving parent.

(4) The duly appointed executor or administrator of your estate.

(5) Your next of kin under the laws of your State of domicile at the time of your death.

"If you wish to name a person or persons not included in the categories above, or to name a person or persons listed but in a different order, you should designate a beneficiary. You may secure the proper form to name a beneficiary or to change the designation from the U. S. Civil Service Commission, Washington 25, D. C. To be valid, your designation or change of beneficiary must be in writing, signed and witnessed, and must be received by the Commission before your death. A witness to the designation may not receive payment as a beneficiary. You do not need the consent of anyone to change your beneficiary. You do not need to fill out a new form or notify the Commission when your address or that of a beneficiary changes.
\* \* \* "

Plaintiff relies upon a holographic will, executed by the decedent in which he requested inter alia that:

"my insurance policy with the Federal Government or any other assets be given to Karen Austin—\* \* \* "

It is contended that the will constituted an effective designation of beneficiary notwithstanding the absence of any attempts by the decedent to designate a beneficiary in compliance with the terms of the policy.

Evidence presented showed that plaintiff and insured maintained a rather uncertain relationship in separate apartments in the same building from 1952 to 1957 and thereafter in the same apartment until the insured's death on August 8, 1958. The only action by Cecil Sears which can be regarded as consistent with a desire to designate a beneficiary is execution of the will. Defendants have not contested the validity of the will, but have sought to show that Cecil Sears could be presumed to have known that the will would be insufficient to entitle plaintiff to the proceeds of the policy. The evidence indicated that the deceased could have signed and executed a designation during the period of his retirement but failed to take such action. Defendants contend that the absence of a valid designation complying with the terms of the policy must result in the distribution of the proceeds to the line of recipients set forth in Section 11, and that designation by will is invalid in the instant case.

 Two major questions are thus presented. First, whether a designation which does not conform to the provisions of the policy is sufficient to vitiate claims of next of kin who would otherwise receive the proceeds. And the additional question, whether the particular manner of designation used, i. e. by will, is effective.

Plaintiff relies heavily on Smith v. Metropolitan Life Ins. Co., D.C., 142 F. Supp. 320, a case which also involved a policy issued to a federal employee pursuant to the statute creating Federal Employee's Group Life Insurance. 5 U.S. C.A. § 2091 et seq. In Smith it was urged that the proceeds should not accrue to the designated beneficiary since the original designation of the beneficiary was to be deemed automatically cancelled, pursuant to Section 11 of the policy, when the deceased was placed on retired status. The court, citing Gerstenlauer v. U. S., D.C., 108 F.Supp. 654, rejected this contention stating the general proposition that policy provisions specifying the method of changing the designated beneficiary are for the benefit of the insurer and not the insured. Failure to comply strictly with prescribed procedure was held to amount merely to a procedural defect where, as here, the insurer and the government agency for whose benefit the provision was written were no longer parties to

the proceedings. The case of Cook v. Cook, 17 Cal.2d 639, at 648, 111 P.2d 322, 328, relied on by defendants, is in accord with this approach:

"The rigor of the rule requiring that the method provided by the policy for a change of beneficiary must be followed, is relaxed when the controversy is between conflicting claimants and the insurer is not raising the issue. [Citing] Pimentel v. Conselho Supremo, etc., 6 Cal. 2d 182, 57 P.2d 131, 133."

Earlier California cases have held that "while a change of beneficiaries must be made under certain formalities for the protection of the insurer, yet, in cases where the company has waived defending by interpleading, * * * and has no further interest in the litigation between the parties, a far more liberal rule obtains, and that courts of equity seek to do that which the insured apparently intended to have done, and to award the fund to that claimant who had the strongest claim therefor under the existing condition." Shaw v. Johnson, 15 Cal.App. 2d 599, at 607, 59 P.2d 876, 880, and cases cited.

Courts have continually emphasized the importance of the intention of the insured and the weight to be given to that intention. "Even in the absence of a formal change of beneficiaries, courts consistently have sought to ascertain and enforce the true intention of the insured." Stafford v. U. S., D.C., 128 F. Supp. 435, 437, and cases cited. An excerpt from Gerstenlauer, supra, cited with approval in Cook indicates the prevailing attitude, "It is unnecessary to quote from the many cases in which the courts have looked to the substance rather than to the form in giving effect to a change in beneficiaries named in Government life insurance policies, where the purpose is clear and reasonable efforts have been made to effectuate it." [108 F.Supp. 658.].

The expressed intent of decedent in the instant case is stated in no uncertain terms in the holographic will, which requested:

"That all my personal belongings in my apartment, my banking account, my insurance policy with the Federal Government or any other asset be given to Mrs. Karen Austin".

Plaintiff here was thus expressly designated in decedent's will as entitled, inter alia, to the policy in question here. Whether decedent intended to comply with the express terms of the policy at a later date is a moot question. Defendants urge that decedent had no such intention and did not really desire to confer the proceeds of the policy on plaintiff. They claim that "decedent knew and was well aware of what had to be done in order to designate a new beneficiary". Defendants' reasoning would be more persuasive if decedent had at any time designated a named beneficiary in the manner prescribed in the policy. However, since he had never complied with the procedural steps required, and in view of the fact that he had been separated from government service for several years, it would appear questionable whether decedent was in fact aware of the necessity of further procedural steps to effectuate the designation of plaintiff in compliance with the terms of the policy. Decedent merely had the provisions of the certificate set out above to guide him in making a designation. Those provisions are far less explicit than the terms of Section 11 of the policy.

The contention of defendants that decedent actually desired to confer the proceeds of the policy upon his natural heirs has not been proven. To the contrary, language of the will indicates that he intended to assure the exclusive heirship of plaintiff:

"I hereby give $1 to each and any other person who may claim any right to my estate."

The opening words of the will are also indicative of the fact that the decedent was well aware that the disposition made would be to the detriment of defendants:

"In all due respect for my son and adopted daughter, Robert Cecil and Lavonne, I must remember the time

and care given me by Karen when I was very ill and had no one to help me except her. * * * "

The claim of defendants that decedent always intended them to be his beneficiaries, is untenable in the light of the foregoing.

Unquestionably, decedent failed to follow the prescribed procedure in executing the designation of plaintiff, but it is equally free of doubt that the will manifested an unequivocal intention that the proceeds of the policy should accrue to her. Considering the particular circumstances of this case, and in view of the fact that decedent was a sick and ailing man, the execution of the will can be deemed a reasonable effort on his behalf to execute the designation of plaintiff as beneficiary.

Defendants have also contended that a designation of beneficiary by will is ineffective in the instant case. No express prohibition in this regard is found in the policy,. in the certificate handed the insured, or in the statutes creating Federal Employee's Group Life Insurance, however the applicable regulations seem to support the contention. Sec. 37.10 of Title 5, Code of Federal Regulations, entitled "Designation of Beneficiary" provides in part:

"(b) No *change* or *cancellation* of beneficiary in a last will and testament or in any other document not witnessed and filed as required by the regulations in this part shall have force or effect". (Emphasis supplied.)

Plaintiff argues that the effect of this regulation should be evaluated in the light of the judicial interpretation given to similar provisions concerning National Life Insurance policies. Smith, supra, is cited as authority that these decisions provide guidance in construing the statutes under which the instant policy was created. Cases construing National Life Insurance policies have held on occasion that a change of beneficiary contained in a will can· be effective in spite of the language of the regulations. Woods v. U. S., D.C., 69 F.Supp. 760; Moths v.

U. S., 7 Cir., 179 F.2d 824; Zabor v. U. S., D.C., 113 F.Supp. 287; Contra: Hester v. Hester, 5 Cir., 171 F.2d 477.

In Woods v. U. S., D.C., 69 F.Supp. 760, at page 763, the court held that:

"The statute does not by its own language prohibit such change of beneficiary by will, and only by resort to the regulations made thereunder, is there found such prohibition. The purpose of such regulation is to avoid confusion and to protect the insurer. In this case no payment,· in any amount, to anyone, has been made on the insurance. To hold the designation by will alone to be sufficient to change the beneficiary would not change the liability of the insurer, and would certainly give effect to the manifest intention of the soldier."

A similar approach is found in Zabor v. U. S., D.C., 113 F.Supp. 287, at 288:

"Certainly the government intended only to require satisfactory evidence of the intent of the insured to change the beneficiary, together with satisfactory evidence showing positive action on his part to effectuate such intent."

The above holdings are in accord with· Smith, supra, in considering provisions regarding designation of beneficiary as procedural rather than substantive and no compelling reason has been shown as to why strict rules should be applied in cases involving wills.

Plaintiff takes the position that the will in evidence contains an *original designation* by will and that such a designation is permissible under the regulation. It is contended that since the applicable regulation only prohibits *change* or *cancellation* by unwitnessed and unrecorded will, it must be deemed, by necessary implication to permit an *original* designation in that manner. Plaintiff supports this contention by reference to the regulation applicable to National Life Insurance which provides in part:

"A beneficiary designation but not a change of beneficiary may be made

by last will and testament duly probated". Title 38, C.F.R., 8.46.

Plaintiff urges a basic conceptional distinction between an original designation of a beneficiary by will and the change or cancellation of a prior designation of beneficiary. No case authority is cited. However, plaintiff's contention appears valid in view of the general rule, already stated, that policy provisions specifying the mode of changing the designated beneficiary are for the benefit of the insurer and not the insured. The intended protection is designed to safeguard the insurer faced by rival claimants contending to be beneficiaries designated by the insured. Where only one beneficiary is designated, i. e., where there is only an original designation as distinct from a change affecting a prior designation, there is no doubt that the insurer must give precedence to such claimants over next of kin not designated specifically as beneficiaries. The language of the statute specifically provides that persons falling within the order of precedence, i. e., next of kin, will only be considered where the employee has *not* designated a beneficiary.[2] They can not therefore maintain a claim against the insurer where a named beneficiary exists.

Defendants here would only take absent a specific designation and they would have no claim if the insured had properly designated plaintiff as beneficiary. Defendants are thus not rival claimants, but would take by default upon proof of their falling within the order of precedence.[3] Clearly, this set of circumstances differs from the situation where the insurer is confronted with two individuals claiming to be specifically designated by a deceased insured. While in the latter situation the insurer needs the full protection of the procedural safeguards regarding designation of beneficiary, the former resolves itself into a simple evaluation of whether the designation of the specific claimant is valid. If it is found invalid the insurer would pay to claimants falling in the order of precedence, however, they would not be in a position to press their individual claim to the same extent as if they had been specifically designated by the insurer.

Thus, where no cancellation is involved, there is no apparent need to hold an improper designation ineffective in order to protect the insurer. Although a cancellation or change of designation in a will could result in exposing the insurer to rival claimants contending to be duly designated beneficiaries, no such consequence would result where an original designation is made in a will. The instant designation will therefore not be found, ipso facto, invalid because it is contained in a will.

2. "Title 5 U.S.C.A. § 2093. Death claims; order of payment.
"Any amount of group life insurance and group accidental death insurance in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:
"First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death;
"Second, if there be no such beneficiary, to the widow or widower of such employee;
"Third, if none of the above, to the child or children of such employee and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such employee or the survivor of them;
"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such employee;
"Sixth, if none of the above, to other next of kin of such employee entitled under the laws of domicile of such employee at the time of his death. * * *."

3. The legislative history of the Federal Employees Group Life Insurance Act, H.R.Rep. No. 2579, 83rd Cong.2d Sess. (1954) indicates that the particular order of precedence was adopted merely because it had proven a speedy and economical way of settling claims under other acts.

The preponderance of the evidence presented indicates that the decedent intended plaintiff to be his beneficiary. Pursuant to authorities cited, this court will enforce the clearly expressed intention of the decedent and accordingly the proceeds of the policy in question are hereby awarded plaintiff. Let judgment be entered accordingly.

Findings of fact and conclusions of law are to be prepared in accordance with the rule.