**MOTHS v. UNITED STATES et al.**
No. 9927.

United States Court of Appeals
Seventh Circuit.

Feb. 2, 1950.

Drought & Grootemaat, Milwaukee, Wisconsin, Ralph J. Drought, Oliver A. Grootemaat, Milwaukee, Wisconsin, S. J. Crumpacker, South Bend, Indiana, attorneys for defendant-appellant.

L. M. Hammerschmidt, South Bend, Indiana, James E. Keating, Asst. U. S. Attorney, South Bend, Indiana, Milton A. Johnson, South Bend, Indiana, Bruce C. Hammerschmidt, South Bend, Indiana, of counsel, attorneys for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, Dorothy J. Moths, sued to recover on her husband's National Service Life Insurance policy. Defendant, Ray John Moths, father of Russell J. Moths, the soldier to whom the policy was issued, answered, claiming to be the principal beneficiary under the policy. The United States admitted that it owed someone the amount of the policy, and asked the court to determine which of the two claimants was entitled to the proceeds. The question was whether the soldier ever effected a change of beneficiary from his father to his wife, now his widow. The case was tried without a jury. The trial judge made findings of fact and conclusions of law. He held that plaintiff was entitled to the proceeds of the policy and entered judgment to that effect. This judgment, defendant seeks to reverse.

The crucial question is whether the soldier had formed an intention to change the beneficiary of his insurance policy and had taken any affirmative step to carry out that intention. On that issue defendant contends that the record is barren of any valid proof.

Russell J. Moths entered the military service in January, 1942, as an aviation cadet, and was later commissioned a Second Lieutenant in the Air Force. On February 6, 1943, a certificate of National Service Life Insurance was issued to him in which his father was named as principal beneficiary and his mother as contingent beneficiary. After the certificate was is-

sued, it remained in the father's possession. Moths married plaintiff on December 21, 1943.

While Moths was stationed at a camp near Dodge City, Kansas, Staff Sergeant Pokres, an attorney, had charge of the legal assistance work at the camp, and lectured on the subject of the officers' legal rights. Moths attended the lecture, was given a legal assistance form and instructed to fill it out in his own handwriting. After Moths had answered the questions propounded in such form, he gave it to Pokres who turned it over to a clerk in his office who typed the information on a "Legal Assistance Record" dated November 18, 1943. It disclosed that an insurance policy had been issued to Moths and that his parents had been named therein as beneficiaries. On December 13, 1943, another "Legal Assistance Record" was prepared and signed by Moths. It contained a notation that Dorothy, his wife, was designated as beneficiary of his Government insurance, and that his father was the beneficiary in a $10,000 policy issued by the Guardian Life Insurance Company and also the beneficiary in a $1,000 policy issued by the New York Life Insurance Company. On December 17, 1943, after Pokres checked every item in this "Legal Assistance Record," Pokres asked Moths whether it was correct that his wife was the beneficiary of his National Service Life Insurance, and he answered "yes." On December 17, 1943, Moths executed a will witnessed by Pokres and two other men. In the will Moths bequeathed all his property to his wife. In May, 1944, Moths was sent to England.

On May 18, 1944, plaintiff suffered a miscarriage and wrote to her husband about it a few days later. The letter, however, never reached her husband, and was returned undelivered by the postal authorities following his death. On June 8, 1944, while the soldier was in England, he wrote a letter to his wife in which, after describing what he had seen in England and relating his experiences with the people he had seen and met, he said:

"Now about you. I hope you've found a nice apartment to live in. I think about coming home to a nice little place with you and 'Mutzy, Jr.'

"How have you been feeling darling? I worry about you constantly and wish that November was past and everything was over and all was well. Have Mary and Bill and Mom and Dad been treating you all right? And have you seen your Dad?

\* \* \* \* \* \*

"Well darling I guess this is it until the next time. I want you to know I love you with all my heart and miss you more and more each day. I'm being very true to you darling believe me. I love you."

On July 15 Moths wrote another letter to his wife in which he enclosed the will and the Legal Assistance Record dated December 13, 1943. The letter read:

"My darling: This is your meal ticket in case anything should happen to me. Take good care of it and let's hope you won't have to use it.

"I love you darling with all my body and soul.

> "Your loving husband
> "Russ."

Russell J. Moths died in action on August 16, 1944.

Upon these facts the trial judge concluded that Moths intended to change the beneficiary of his insurance policy to his wife, and that by the preparation and signing of the Legal Assistance Record of December 13, 1943, the execution of the will, the letter of July 15, 1944, and the testimony of Pokres, it *sufficiently appeared that Moths took definite and affirmative steps to carry out his intention to effect a change of beneficiary.*

 Of course, a mere intent to change the beneficiary is not enough. A mere statement, oral or written, that such a change has been made is not sufficient unless followed by appropriate affirmative action, Butler v. Butler, 5 Cir., 177 F.2d 471, but it has been held that the intention, desire, and purpose of the soldier should, if it can reasonably be done, be given effect by the courts, and that substance, rather than form, should be the basis of their decisions. The clearly expressed intention and purpose of the soldier should control,

and should not be thwarted by the fact that all the formalities for making this purpose effective may not have been complied with. Johnson v. White, 8 Cir., 39 F.2d 793. See also Gann v. Meek, 5 Cir., 165 F.2d 857, and Egleston v. United States, D.C., 71 F. Supp. 114, affirmed 7 Cir., 168 F.2d 67. And while a writing is the minimum requisuit to a change in the beneficiary named in a National Service Life policy, the form of the writing is immaterial. Farmakis v. Farmakis, 84 U.S.App.D.C. 297, 172 F. 2d 291.

Recently, in Prose v. Davis, 7 Cir., 177 F.2d 478, 481, after holding that it was immaterial, under the facts in that case, that the Veterans' Administration had no record of the change of beneficiary, we said: "Variously stated, many courts have adopted the rule that in cases involving change of beneficiary in military service insurance policies they will brush aside legal technicalities in order to effectuate the manifest intent of the insured, and if the insured has expressed an intention to change the beneficiary originally named in his policy and done an affirmative act to effectuate the change, leaving only ministerial acts to be performed by the insurer, they will treat as done that which should have been done and give effect to his intent." We think what we said in that case is applicable here.

We have repeatedly held that we will not disturb the findings of a trial judge unless they cannot be sustained upon any rational view of all the evidence including all reasonable inferences of which the testimony is susceptible. We are authorized to reverse only if the findings of fact are clearly erroneous, or the law was incorrectly applied. There can be no doubt that Moths desired and fully intended that his wife should be the beneficiary under his insurance policy, and it is clear that the Legal Assistance Record of December 13 was an affirmative act evidencing an exercise of the right to change beneficiary. And since the District Court applied the law correctly and the findings of fact are based upon substantial evidence, we are not at liberty to disturb the findings or the conclusion reached.

Several other incidental questions claimed to have a bearing upon the chief issue have been raised in defendant's brief, such as—the court erred in refusing to amend his findings, and in failing to find that Moths had been informed as to the method by which he could change the beneficiary of his insurance. These we have considered, but since they do not change our conclusion, they need not be discussed.

Affirmed.