WEST *v.* KING, *et al.*

5-234                                        262 S. W. 2d 897

Opinion delivered December 14, 1953.

*Jackie L. Shropshire* and *J. R. Booker,* for appellant.

*Digby & Tanner,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, George Taylor West, filed a petition for determination of heirship in the probate court under the provisions of Ark. Stats., § 62-2914. He alleged that he was the lawful child and sole heir at law of Dr. E. W. West, a resident of North Little Rock, Arkansas, who died intestate May 25, 1952. The petition was resisted by appellees, Lula King and George West, sister and brother respectively of the decedent. They asserted that Dr. West died leaving no

children, or other lineal descendants, and that appellees were his only heirs at law. This appeal is from a judgment sustaining the contention of appellees.

The greater weight of the evidence discloses that appellant's mother was married to, and living with, Will Taylor at the time of appellant's birth on January 11, 1897. Taylor and appellant's mother separated shortly after the birth of appellant, and appellant's mother was granted a divorce and awarded the custody of appellant under a decree of the Pulaski Chancery Court on June 25, 1903. Appellant went by the name of George Taylor until 1908 when his mother and Dr. West were married. Appellant's mother died in 1949 and Will Taylor predeceased her.

In attempting to prove that he was the natural son of Dr. West, appellant offered several witnesses who testified that decedent often referred to appellant as his son after he married appellant's mother in 1908. One elderly witness stated that she had heard appellant's mother say that Dr. West was appellant's father, but this witness also testified that appellant was only about one year old in 1908 when his mother married Dr. West. This evidence was disputed by appellees' witnesses and by documentary proof in the form of the pleadings, depositions and decrees entered in a separate maintenance proceeding and the divorce suit between appellant's mother and Will Taylor in the Pulaski Chancery Court.

There is a well recognized presumption that children born to a couple lawfully married are the children of the husband. We have held that this is one of the strongest presumptions known to the law and that it continues until overcome by the clearest evidence that the husband was impotent or without access to his wife. Morrison, Adm. v. Nicks, 211 Ark. 261, 200 S. W. 2d 100. We do not concur in appellant's contention that his proof was sufficient to overcome the presumption arising from the positive documentary showing that Will Taylor and appellant's mother were lawfully married and living together at the time of appellant's birth. See *Martin* v. *Martin*, 212 Ark.

204, 205 S. W. 2d 189. There is no showing that Will Taylor was impotent or without access to his wife at the time of the conception or birth of appellant, nor is there any direct evidence that Dr. West cohabited or associated with appellant's mother during or at any time near said period. Even if appellant was born January 11, 1896, as he testified, instead of January 11, 1897, as shown by the preponderance of the evidence, his birth was legitimatized by the subsequent marriage of his mother and Will Taylor on December 19, 1896, under Ark. Stats., § 61-103.

The judgment is fully supported by the evidence and is accordingly affirmed.