Willie Lee BEW, Appellant,

v.

UNITED STATES of America, Joyce R.
Bew and Stanley Lee Bateman, an
infant, Appellees.

No. 8233.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 17, 1961.

Decided Feb. 23, 1961.

Daniel F. Terry and Hudson Branham, Richmond, Va., for appellant.

R. R. Ryder, Richmond, Va., for appellees, Joyce R. Bew and Stanley Lee Bateman.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This is a contest between the widow and a surviving brother of a soldier over the proceeds of one of the soldier's two policies of National Service Life Insurance. The adjudicator, construing the Change of Beneficiary forms 9–336 to disclose an intention that the widow receive $5,000 and the brother the other $5,000 of the total proceeds of the two policies, recommended that the claim of the brother for $5,000 be allowed. The Board of Veterans Appeals, however, finding in a subsequently executed Record of Emergency Data form DD 93 an expression of the soldier's intention that his widow have the entire proceeds of both policies, awarded the entire amount to the widow.

The determination of the Board of Veterans Appeals was affirmed by the District Court. The brother-claimant has appealed. We agree with the District Court.

Jack F. Bew married Joyce, his widow, in December 1947. When renewing a $5,000 N.S.L.I. policy on his life in 1950, he designated Joyce as principal beneficiary and Stanley, Joyce's son by a previous marriage, as contingent beneficiary. Later that year he was granted

additional insurance, and on this second N.S.L.I. policy, in the face amount of $5,000, he designated Joyce as principal beneficiary and Stanley as contingent beneficiary.

The marital waters sailed by Jack and Joyce were not always smooth. In September 1952, he executed a Change of Beneficiary form 9–336, in which he designated Willie Lee Bew, a brother, as principal beneficiary, and Annie Elizabeth Klatkiewicz, his mother, as contingent beneficiary, each for "100%." In this form, Jack did not list the numbers of his two policies or indicate the amount of the insurance involved.

On November 5, 1952, Jack stated in a letter to Joyce that he had changed his insurance to make it payable half to her and half in trust for Stanley. Later, on November 29, 1952, he did execute a Change of Beneficiary form 9–336, in which he listed Joyce as principal beneficiary and Stanley as contingent beneficiary. Opposite the name of each, there is typed on this form the figure "$5,000." On this form, Jack did not list the numbers of his policies, or indicate in any way the fact that he had two policies of $5,000 each, or suggest that the proceeds of any of his insurance would be payable to anyone other than to his widow and stepson.

It is possible that Jack's real intention was to make Joyce the beneficiary of half of the proceeds of the two policies and Stanley the beneficiary of the other, in accordance with his statement in his letter to Joyce earlier that month. Since he there gave no indication that the proceeds of his insurance would be payable to his brother Willie, it could also be possible that the typist made a mistake when he inserted the amount of the insurance. It is also true, however, that it may have been his real intention to leave Willie, instead of Joyce, as beneficiary of one of the $5,000 policies, while making his wife and stepson the alternative beneficiaries of the other $5,000 policy.

In April 1956, Jack executed a Record of Emergency Data form DD 93, in which he stated that Joyce was his sole beneficiary to the extent of $10,000. This statement was made in a space relating to indemnity payments rather than insurance, but there was no right to indemnity in any such amount and the $10,000 could refer only to insurance.

In September 1954, while Jack was on foreign duty, Joyce obtained a divorce *a mensa et thoro*. Jack returned to this country in December of that year, however, and notwithstanding the limited divorce, the two resumed their conjugal relation. They were living together as husband and wife in 1956 when the DD 93 form was executed and when Jack was transferred to Walter Reed Hospital, where he died early in 1957.

Referring to the Record of Emergency Data form DD 93, executed by Jack in 1956, the Board of Veterans Appeals said in its decision:

> "On April 12, 1956, the serviceman signed a DD Form 93, 'Record of Emergency Data' upon which he designated Joyce as beneficiary for '$10,000.' The designation was made on the portion of the form provided for designation of beneficiary for indemnity and the form contains parenthetical advice to the effect it did not change an insurance beneficiary designation. On the form there is a notation that it constituted a change in designation as distinguished from an initial designation. It is not shown the serviceman had a prior beneficiary designation for indemnity.

> \*   \*   \*   \*   \*   \*

> "Before completing the DD Form 93, the serviceman had applied for and had been granted waiver of premiums on his insurance under the same Public Law which provided indemnity. It is a known fact that on many occasions the improper form was used to accomplish a change of beneficiary designation for insurance when premiums on such insurance were being waived under Public Law 23, 82nd Congress, 65 Stat. 33.

In this case the DD Form 93 signed by the serviceman has a notation on it to the effect it constituted a change in designation. There was no prior designation for indemnity but there was a prior designation or were prior designations for insurance. On the form the serviceman designated Joyce as sole beneficiary for '$10,000.' At that time the only $10,000.00 which would become payable upon the death of the serviceman was, from the present record, his National Service Life Insurance.

"The parenthetical advice on the form referable to Government insurance does not bar acceptance of the form as a change in beneficiary for such insurance if it was the intent of the person completing it to make such a change. From a review of the record in its entirety, the Board is of the opinion that such was the intent of the serviceman in this case. It is the conclusion of the Board that the evidence shows the serviceman changed the beneficiary designation for his National Service Life Insurance so that the appellant was the sole beneficiary for his National Service Life Insurance and that the designation of the appellant as sole beneficiary was the last of record when the serviceman died."

The District Court found no error in the resolution of the controversy by the Board of Veterans Appeals. We find none, and we think the District Court properly directed payment of the proceeds of the two policies to Joyce.

■ It is well settled that there need not always be strict compliance with all of the regulations governing a change of beneficiary in a N.S.L.I. policy. Formalistic requirements will not be determinative if the apparent intention of the serviceman can reasonably be effectuated.[1]

■ We think the intention of the serviceman is readily apparent from his statement on the Record of Emergency Data form DD 93, as found by the Board of Veterans Appeals. As stated by that Board, there had been confusion between rights to indemnity and rights to insurance with waiver of premium created by the same act of Congress. Under the regulation, the form, itself, is an approved means of effecting a change of beneficiary as to indemnity, but not as to insurance, but, as the Board found, this serviceman could have had nothing else in mind when he designated Joyce as the sole beneficiary to the extent of $10,000, for that amount could be referable only to insurance. When servicemen are required to execute such a multitude of forms for varying purposes, the fact that his election and exercise of his rights are not expressed on that form having the prescribed color and number should not be a conclusive bar to the implementation of his purpose. When, as here, his purpose and intention clearly appear in the form DD 93, executed in 1956 when he was living with his wife and less than a year preceding his death, we think the Board properly gave it effect as a designation of Joyce as the beneficiary of the entire proceeds of both his insurance policies.

The judgment of the District Court awarding the proceeds of both of the insurance policies to the widow will be affirmed.

Affirmed.

1. Roberts v. United States, 4 Cir., 157 F. 2d 906; Shapiro v. United States, 2 Cir., 166 F.2d 240; United States v. Pahmer, 2 Cir., 238 F.2d 431; McKewen v. McKewen, 5 Cir., 165 F.2d 761; Bradley v. United States, 10 Cir., 143 F.2d 573.