Hettie H. PHILLIPS, Plaintiff,

v.

UNITED STATES of America, Defendant,

Hazel J. Phillips, Defendant by Counter-Claim.

Civ. A. No. 3103-63.

United States District Court
S. D. Alabama, S. D.

Jan. 22, 1965.

Norborne C. Stone, Jr., Chason & Stone, Bay Minette, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., for defendant.

Vincent F. Kilborn, Mobile, Ala., for defendant by counterclaim.

DANIEL HOLCOMBE THOMAS, District Judge.

The above entitled action came on for trial before the Court for a determination of the beneficiary of a policy of National Service Life Insurance.

FINDINGS OF FACT

1. James Oliver Phillips, hereinafter referred to as the insured, while serving in the Armed Forces of the United States, and effective as of the 16th day of March, 1948, was granted a policy of National Service Life Insurance in the amount of $10,000.00 for which he originally designated the plaintiff, Hettie H. Phillips, his mother, as principal beneficiary; the insured died on May 17, 1962 at a time the said policy of insurance was in full force and effect.

2. Subsequent to the insured's death both the plaintiff, Hettie H. Phillips, his mother, and the additional party defendant, Hazel J. Phillips, wife of the insured, filed claims in the Veterans Administration for the proceeds of such policy of insurance, the additional party defendant claiming the proceeds of the policy by virtue of a claim that the insured had designated her as beneficiary and changed the designation of beneficiary from the plaintiff, Hettie H. Phillips, to the wife, Hazel J. Phillips. At the same time the plaintiff, the mother of the insured, asserted entitlement to the policy and to proceeds by virtue of its original designation of her as beneficiary. The Court finds that the Veterans Administration denied the claim of the plaintiff April 3, 1963 and allowed the claim of the additional party defendant by the same decision, notice of which decision was communicated to the plaintiff and the additional party defendant, Hazel J. Phillips, by letter dated April 3, 1963. The instant action resulted in which the plaintiff as the originally designated beneficiary, mother of the insured, brought this action against the United States claiming the proceeds of the policy. The suit having been filed by the plaintiff, the defendant United States of America prayed for and obtained an order making the co-defendant Hazel J. Phillips a party to this action as co-defendant, asserting that the co-defendant claimed to be entitled to the proceeds of the insurance. This was accomplished, and the United States by its answer and counterclaim for interpleader, while admitting that the policy of insurance was in force in the amount claimed and while admitting liability under the policy, maintained that because of the conflicting claims of the plaintiff and Hazel J. Phillips it could not safely ascertain entitlement of payment without the aid of the Court. The Court by proper orders interpleaded the said Hazel J. Phillips who in turn filed her answer and counterclaim demanding the payment of the proceeds of insurance to her and maintaining that the said James Oliver Phillips had voluntarily effected a change in designation of beneficiary of the policy of insurance to her and that she had therefore become beneficiary thereof and was entitled on his death to the proceeds of the policy of insurance.

3. The Court finds from the evidence adduced at the trial that at the time James Oliver Phillips entered Military Service of the United States and the Air Force in early 1948 he applied for and obtained National Service Life Insurance in the amount of $10,000.00 and at that time designated as the beneficiary to receive the payments of the insurance upon his death his mother, Hettie H. Phillips. At that time he was unmarried. In 1951 the Servicemen's Indemnity Act of 1951, 65 Stat. 33, took effect and the serviceman made application for and was granted a waiver of premiums in accordance with the benefits extended to him under the provisions of Section 622 of the National Service Life Insurance Act, as amended,* and Public Law

---

* See 38 U.S.C.A. § 724(b).

23 of the 82nd Congress, commonly referred to as the Servicemen's Indemnity Act of 1951.

At a time when this waiver of premium was in effect and while he yet remained in service, he married Hazel J. Phillips in the Spring of 1953. Thereafter, on August 26, 1953, while still in service, he executed Form DD 93 "Record of Emergency Data" which was a customary form in use in the Air Force. Question 21 on that form provided as follows:

"Designation or Change of Beneficiary: Servicemen's Indemnity (PL 23, 82nd Cong). (Does not operate as a designation or change of beneficiary of any insurance contracts issued by United States Government). All previous designations of principal and contingent beneficiaries, if any, under Servicemen's Indemnity Act of 1951, are hereby cancelled, and it is directed that said indemnity be paid to:"

Responding to the above numbered question, he designated as follows:

"Prin: Hazel Phillips; Relationship, wife; Share or Amount to Each Beneficiary, 100%. Cont: Hettie Phillips; Relationship, Mother; Share or Amount to Each Beneficiary, 100%."

At a later time the insured himself had told his wife that if anything happened to him that she was the beneficiary of his insurance. On an occasion, while on temporary duty in the eastern portion of the United States with a fellow serviceman, the insured stated to the fellow serviceman, Everett K. Pistole, that should anything happen to him his wife would receive his insurance. Two months before his death at a time when a records' check had been ordered following the crash of a plane in France in which several of the serviceman's buddies had been killed, Sgt. Phillips again repeated to a fellow serviceman, Sgt. G. L. Kozak, that "if anything happened to me my wife and young ones will receive my insurance."

Sgt. Phillips and his wife had two children, the older one being his wife's child adopted by him, and the younger having been born to Sgt. Phillips and his wife Hazel. There was evidence that the family was very close to one another and the serviceman and his wife and children were living together in France at the time of the unfortunate accident in which he was killed near Nairobi, Africa, while on active duty.

There was evidence of considerable confusion in the minds of servicemen as to the effect of Form DD 93. Despite the fact that it states on the form that this does not operate as a designation of change of beneficiary of any insurance contracts issued by the United States Government, the belief is common among servicemen that this form is to be used for that purpose and, indeed, is frequently used by servicemen to effectuate the change of beneficiary. Moreover, the only insurance Sgt. Phillips had at the time he executed Form DD 93 in August 1953 naming Hazel Phillips as principal beneficiary was the National Service Life Insurance Policy in force on his life. The same law which granted indemnity of $10,000.00 to those who did not have National Service Life Insurance also granted the waiver of premiums to the servicemen who did have National Service Life Insurance. The decisions reflect that the common misapprehension has been that a valid change of beneficiary could be effected by the execution of form DD 93 as this serviceman did.

4. The Court finds from the evidence that the deceased, James Oliver Phillips, intended to change the beneficiary of his policy of insurance and took all the steps reasonably available to him at the time in order to effectuate such a change. This serviceman could have had nothing else in mind when he designated Hazel Phillips as sole beneficiary of his National Service Life Insurance to the extent of 100% but that such designation could be referable only to his insurance. As commented upon in the case of Bew v. United States, 4 Cir., 286 F.2d 570, "The parenthetical advice on the form

62

referable to Government insurance does not bar acceptance of the form as a change in beneficiary for such insurance if it was the intent of the person completing it to make such a change." The Court finds that it was the intent of James Oliver Phillips to make this change when he executed Form DD 93 in 1953 and that by it he considered that he had taken all the steps necessary to effectuate the change. This is borne out further not only by his statement to his wife that she had become the beneficiary of his insurance, but by his repeated statement to such effect to fellow servicemen. The Court finds that the intention of this serviceman is apparent from his statement on the record of Emergency Date Form DD 93 and that there had been considerable confusion in the minds of servicemen between rights to indemnity and rights to insurance with waiver of premium created by the same Act of Congress that provided servicemen's indemnity in 1951. When servicemen are required to execute multitude of forms for varying purposes, the fact that their election and exercise of rights are not expressed on the form which has the prescribed color and number for a change of beneficiary should not be a conclusive bar to its purpose when, as here, the purpose and intent clearly appears in the Form DD 93 executed in 1953 when he was newly married. That he considered he had done everything necessary to make a change is further evidenced by his repeated statements to the effect that such a change had been made by telling his fellow servicemen that his wife would get his insurance. The Court is satisfied that the decedent had, or thought he had, named his wife as the beneficiary of his Government life insurance and she is entitled to the proceeds of the policy upon his death.

## CONCLUSIONS OF LAW

Upon the foregoing findings of fact, the Court concludes as a matter of law as follows:

1. That the Court has jurisdiction of the subject matter of this litigation and of the parties hereto.

2. That the co-defendant, Hazel J. Phillips, was at the death of the insured on the 2nd day of May, 1962, the beneficiary designated by the insured, James Oliver Phillips, to receive the full amount of the $10,000.00 policy of National Service Life Insurance herein sued upon, and by reason of such finding by the Court the co-defendant, Hazel J. Phillips, is entitled to judgment awarding her the proceeds thereof and Hettie H. Phillips, plaintiff, is not entitled to a judgment in her favor.

3. That Vincent F. Kilborn, attorney of record for the co-defendant, Hazel J. Phillips, is entitled to a reasonable fee for the services he has rendered to the co-defendant, Hazel J. Phillips, in this litigation, which fee the Court fixes at 10% of the amount recovered and to be paid to the co-defendant by the Veterans Administration under said policy.