**Eula M. WARD, Plaintiff-Appellant,**

v.

**UNITED STATES of America and Doris
L. Cox, Defendants-Appellees.**

**No. 15798.**

United States Court of Appeals
Seventh Circuit.

Dec. 28, 1966.

James D. Lopp, William J. Brune, Evansville, Ind., for appellant.

Russell G. Lloyd, Evansville, Ind., Paul J. Matzger, of Bacigalupi, Elkus, Salinger & Rosenberg, San Francisco, Cal., Richard P. Stein, U. S. Atty., Indianapolis, Ind., for appellees.

Before DUFFY, Senior Circuit Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

DUFFY, Senior Circuit Judge.

In this suit, plaintiff sought to recover $5,000, being one-half of the proceeds of a certain National Service Life Insurance policy issued on September 21, 1942, on the life of Denver R. Cox. Under that policy, Cecil Cox, the father, and Eula Cox, the mother, were designated as co-beneficiaries in the amount of $5,000 each.

On September 26, 1950, Denver R. Cox applied for a renewal of his policy

of National Service Life Insurance (NSLI). The policy here in suit was issued (No. V-1449-54-77). In the meantime, Cox had married, and in the renewal policy, he designated as co-beneficiaries, his wife, Doris Beulah Cox, and his mother, Eula Mae Cox, each to receive $5,000.

Cox regularly paid the premiums on his NSLI policy from September 1942 to and including December 1963, the month in which he died.

Plaintiff filed her claim with the Veterans Administration. This claim was denied by the Veterans Administration Regional Office in Los Angeles, California, and on appeal, her claim was likewise denied by the Board of Veterans Appeals. She then brought suit in the District Court under the provisions of Title 38 U.S.C. § 784.

In 1951, the Congress enacted the "Servicemen's Indemnity Act of 1951," which remained in force until January 1, 1957, 65 Stat. 33. This Act provided that members of the armed forces would be automatically insured by the United States without cost to the amount of $10,000. Beneficiaries were to be designated within certain classes of relatives and such beneficiaries could be changed without their consent.

Section 5 of part 1 of the Indemnity Act provided, in part:

"The automatic indemnity coverage authorized by section 2 shall apply to any person in the active service of the named Armed Forces who, upon death in such active service * * * is insured against such death under a contract of national service life insurance * * * but only with respect to a principal amount of indemnity equal to the difference between the amount of insurance in force at the time of death and $10,000.00."

During the period when the Servicemen's Indemnity Act of 1951 was in effect, there was issued for distribution to members of the Armed Forces, Government DD Form 93, Record of Emergency Data, for the purpose, among other things, of enabling servicemen to designate and change their beneficiaries under the 1951 Act. That Form further provided in very small type—"(Does not operate as a designation or change of beneficiary of any insurance contracts issued by United States Government)."

Upon a number of occasions, apparently at times when making a change in station, the insured executed DD Form 93, Record of Emergency Data. On November 4, 1954;[1] September 9, 1955; August 29, 1956; October 26, 1956, and June 3, 1958, when executing such forms, the insured indicated in the space marked "Designation of change in beneficiary—Servicemen's Indemnity," that his wife, Doris Little Cox, was to be principal beneficiary in the sum of $10,000, and his mother, Eula (Cox) Ward and his father, William Cecil Cox, as co-contingent beneficiaries in the sum of $5,000 each.

On June 3, 1958, benefits under the Servicemen's Indemnity Act had been non-existent for about eighteen months. Apparently the naval stations continued to use this form even though it was obsolete.

We agree with the finding of the District Court that the completion of the designation of beneficiaries box on the form could only have been intended to refer to Cox's National Service Life Insurance.

At no time during his entire service was Denver R. Cox entitled to any benefits under the Servicemen's Indemnity Act of 1951 for at all times he had his NSLI policy for $10,000 in full force and effect.

The Servicemen's Indemnity Act provided insurance only to the extent that a serviceman was not covered to $10,000 by other policies of life insurance issued by the United States Government. Cox was, at all times pertinent hereto, covered by his NSLI policy to the extent of $10,000.00.

---

1. On this form in the appropriate space for designation of beneficiary, the insured caused to be written "Doris Little Cox—wife—100 percent."

■ The plaintiff argues that the District Court should not have received in evidence the various government forms executed by Cox because of "the hearsay rule." The parties stipulated to the authenticity of these documents. They are clearly relevant in determining the intent of the serviceman with respect to his government benefits. They are relevant also to the question of what action he took to implement his intent. Therefore, these documents were properly considered by the Court.

Plaintiff's counsel argues vigorously that the District Court was not authorized in making a number of inferences such as that the serviceman became completely out of touch with his mother, the plaintiff herein.

■ The forms before the District Court as part of the evidence, show that his father continued to reside in Marion, Kentucky, but that the mother's last name was changed, and that she moved to Indiana. Surely it was not a very violent inference that Cox's mother had been divorced and was remarried. Furthermore, on four successive forms (Exhibits K through N), Denver Cox failed to include his mother's address. He had always done so before. It was a permissible inference that Denver did not know his mother's address on those dates.

■ It is well established that in order to effectively change a beneficiary in a NSLI policy, the insured must have acted affirmatively in writing. A number of cases have discussed the proof requirements on the element of intent. A writing by the decedent is a minimum requirement whether it be a personal letter, Moths v. United States, 7 Cir., (1950) 179 F.2d 824, or an incorrect form furnished by the Government, Mitchell v. United States, 5 Cir., (1948), 165 F.2d 758; Prose v. Davis, 7 Cir., (1949), 177 F.2d 478, cert. den. 339 U.S. 920, 70 S.Ct. 624, 94 L.Ed. 1344; Bew v. United States, 4 Cir. (1961), 286 F.2d 570, and Phillips v. United States, S.D.Ala. (1965), 238 F.Supp. 59.

In Bew, the service-man had, prior to 1956, designated his wife and brother as co-beneficiaries. In April, the insured executed a DD Form 93 naming his wife beneficiary to the extent of $10,000. The Court stated, 286 F.2d page 571—"This statement was made in a space relating to indemnity payments rather than insurance, but there was no right to indemnity in any such amount and the $10,000 could refer only to insurance."

In Bew, it also was stated at page 572:

" * * * When servicemen are required to execute such a multitude of forms for varying purposes, the fact that his election and exercise of his rights are not expressed on that form having the prescribed color and number should not be a conclusive bar to the implementation of his purpose. When, as here, his purpose and intention clearly appear in the form DD 93, executed in 1956 when he was living with his wife and less than a year preceding his death, we think the Board properly gave it effect as a designation of Joyce as the beneficiary of the entire proceeds of both his insurance policies."

In all similar cases which have come to our attention, the courts have waived aside technicalities in order to give effect to the manifest intention of the insured. In the instant case, the District Court was fully justified in doing likewise.

On June 3, 1958, the insured used the same form provided by the Government as he had done many times before. Yet, that date was eighteen months after Congress had repealed the Servicemen's Indemnity Act of 1951.

■ The findings of fact and conclusions of law by the District Court are entirely justified and supported by the evidence. The conclusion that Denver R. Cox, the insured, intended to name his wife, Doris Little Cox, sole beneficiary of his policy of National Service Life Insurance in the amount of $10,000 is approved.

The judgment of the District Court is Affirmed.