**Marshall C. COLLINS and Naomi A. Collins, Appellees,**

v.

**Alberta COLLINS, Appellant.**

**No. 11180.**

United States Court of Appeals
Fourth Circuit.

Argued May 4, 1967.

Decided May 30, 1967.

Harold Buchman, Baltimore, Md., for appellant.

Forrest V. Dunstan, Elizabeth City, N. C., for appellees.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

The disputants in this case are Marshall Collins, Naomi Collins and Alberta Collins, respectively the father, sister and widow of the deceased serviceman, Vincent Collins. The dispute is over the proceeds of Vincent Collins' National Service Life Insurance policy. When the insured procured the coverage, he designated his mother as primary beneficiary and his father and sister, contingent beneficiaries. Subsequently, the insured married, and his mother died.

The record contains testimony that the deceased told his wife that he had "willed" his insurance to her and that she would be taken care of for the rest of her life. Additionally, the widow offered a "Record of Emergency Data" form, which had been executed by the insured after his marriage, in which he designated his wife as beneficiary of his unpaid pay and allowances. In addition to spaces for designating beneficiaries of gratuity pay and for unpaid pay and allowances, the form contained a space for listing all insurance policies. The insured listed his NSLI policy but left blank the space in which he might have listed the beneficiary of that insurance. Thus, contrary to the widow's assertion, the execution of the form is equally consistent with an intention on the part of the insured to leave his father and sister as the designated beneficiaries as with an intention to change the designated beneficiary to his wife. Its execution is not the kind of affirmative act, declarative of his purpose to change the beneficiary to his wife, which is essential for the effectuation of an otherwise unexecuted intention to do so. That was the finding and conclusion of the District Court and we affirm.

The present case is distinguishable from Bew v. United States, 4 Cir., 286 F.2d 570. In *Bew*, the serviceman also filled out an emergency data form. Unlike the present situation, however, he entered $10,000, the amount of his NSL insurance, after his wife's name in the space used to designate the beneficiary of indemnity insurance. There was

nothing other than the NSL insurance to which the $10,000 could refer. Thus, the execution of the form was thought to be an act sufficiently indicative of an intention to change the beneficiary of the insurance to his wife.

Affirmed.