The PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Plaintiff,

v.

Nellie Mae WEST, Lital Jane McCoy, Rosemary McCoy, and Janet Knight, Guardian of Rosemary McCoy, Defendants.

No. F–70–C–18.

United States District Court,
W. D. Arkansas,
Fayetteville Division.

March 31, 1971.

Bethell, Callaway, King & Robertson, Fort Smith, Ark., for plaintiff.

Powell Woods, Siloam Springs, Ark., for Nellie Mae West.

Murphy, Carlisle & Taylor, Fayetteville, Ark., William A. Moon, Springfield, Mo., for Lital Jane McCoy.

Ivan H. Smith, Little Rock, Ark., Atty for Ark. Dept. of Public Welfare, for Rosemary McCoy.

## OPINION

JOHN E. MILLER, Senior District Judge. (Sitting by Designation)

This case is before the court on the joint motion of the defendants Lital Jane McCoy by her guardian ad litem, Nancy Janet Roberts, and Rosemary McCoy by her guardian, Janet Knight, for summary judgment.

On July 17, 1970, the plaintiff, The Prudential Insurance Company of America, filed its complaint for interpleader in which it alleged that the defendant Nellie Mae West claims to be the mother of one Herbert Walter McCoy, and the defendant Lital Jane McCoy claims to be the daughter of Herbert Walter McCoy, and each has demanded payment of benefits under a Servicemen's Group Life Insurance policy underwritten by plaintiff covering the life of the decedent, Herbert Walter McCoy. It was also alleged that Rosemary McCoy, as daughter of Herbert Walter McCoy, may have a claim to the proceeds of the policy; and that Herbert Walter McCoy died near Lampasas, Texas, on November 16, 1969, as a result of an automobile accident while said policy was in force in the amount of $10,000. The plaintiff alleged that it has no knowledge of any designation of beneficiary as provided for in 38 U.S.C. § 770(a).

On July 23, 1970, the guardian of Rosemary McCoy, Janet Knight, filed her answer in which she alleged that she is the guardian of Rosemary McCoy; that Rosemary is the child of Herbert Walter McCoy; that Rosemary was born June 26, 1964, in Springdale, Ark., to Nancy Janet Roberts (then McCoy) and Herbert Walter McCoy, and as guardian of Rosemary claimed a part of the proceeds of the policy.

On August 10, 1970, the defendant Nellie Mae West filed her answer and counterclaim, in which she alleged that Lital Jane McCoy and Rosemary McCoy are not the children of the deceased, but admitted that Nancy Janet Roberts was a former wife of the deceased. She further claimed that she is entitled to the proceeds of the policy because she is the mother and sole next of kin of the deceased and that she was nominated and designated as the sole beneficiary of the insurance policy in question. She further alleged that the deceased was sterile, unable to have children, and without access to Nancy Janet Roberts at the time of conception of both Rosemary and Lital Jane; and that she had demanded payment and filed an action in Benton County Circuit Court. Mrs. West claimed she was entitled to the proceeds of the policy, plus interest, attorney's fees, and 12 percent damages under Ark.Stat.Ann. 66–3238. In a cross-claim attached thereto, she repeated all the affirmative allegations of the answer and counterclaim.

The plaintiff filed a response to the counterclaim of defendant Nellie Mae West on August 21, 1970, denying that the defendant was entitled to any judgment against it for interest, damages, or attorney's fees.

Lital Jane McCoy, by her duly appointed guardian ad litem, Nancy Janet Roberts, filed her answer admitting that Rosemary is her sister and alleging that this defendant was born on June 18, 1967, in Jay, Oklahoma, to Nancy Janet Roberts and Herbert Walter McCoy, and filed a copy of the hospital certificate as Exhibit A to the pleading. Defendant Lital Jane McCoy further alleged that Nancy Janet Roberts and Herbert Walter McCoy were divorced in Benton County Chancery Court in Bentonville, Arkansas, on August 21, 1969, case No. 69–262A, a copy of the decree being attached and marked as Exhibit B. Defendant claimed one-half of the proceeds of the insurance policy.

On September 3, 1970, the defendant Rosemary McCoy, by her guardian, Janet Knight, filed a separate answer and counterclaim in which she alleged that Rosemary is the daughter of the deceased and Nancy Janet Roberts, and

that Nellie Mae West is not the mother of the deceased.

On September 8, 1970, Nellie Mae West filed her reply to the separate cross-claim of Rosemary McCoy, denying all allegations therein. On September 18, 1970, Lital Jane McCoy filed her answer to the cross-claim of Rosemary McCoy, denying all the allegations therein, and also filed her answer to the separate counterclaim of Nellie Mae West, denying the allegations of the cross-claim and affirmatively alleging that she is a child of Herbert Walter McCoy and Nancy Janet Roberts. She further stated that she has reason to believe that Nellie Mae West is not the legal mother of Herbert Walter McCoy.

Discovery was sought by defendant Lital Jane McCoy from the defendant Nellie Mae West, and Exhibit A to the interrogatories answered by Nellie Mae West was the birth certificate of Herbert Walter McCoy which recited that she was his natural mother. Exhibit C was a DA Form 41, "(Record of Emergency Data) Worksheet," signed by Herbert Walter McCoy on December 9, 1968, in which he designated Nellie Mae West to receive his unpaid pay allowances including Soldier's Deposits and any allotment if missing. In the interrogatories it was stated that Nellie Mae West relies on this as a designation of beneficiary of the insurance proceeds by the deceased. On December 9, 1970, interrogatories were propounded to the Adjutant General, United States Army, to attempt to locate a designation of beneficiary executed by the deceased. No answer to this interrogatory has been received at this date.

On December 17, 1970, a pretrial hearing was held and a pretrial order was entered. The case was set for trial on March 29, 1971. On March 2, 1971, the defendant Nellie Mae West filed a "Withdrawal of Separate Answer and Counterclaim" in which she stated:

"She desires to withdraw her Separate Answer and Counterclaim and desires that this matter proceed as though no such Separate Answer and Counterclaim were filed except by this withdrawal she does not withdraw her appearance herein."

On March 15, 1971, the defendant West filed an "Amendment and Clarification of Withdrawal of Separate Answer and Counterclaim" in which she stated:

"Defendant Nellie Mae West meant that she was willing for the matter to be submitted to the Court on the facts established by the Pretrial Order and the facts established by the interrogatories answered by defendant Nellie Mae West such as the findings in the divorce decree that no children were born to Herbert Walter McCoy and Nancy Jane McCoy and that Herbert Walter McCoy executed a DA Form 41 in which defendant Nellie Mae West was designated as the beneficiary of the insurance policy."

A brief in support of judgment for the defendant Nellie Mae West was attached to the pleading.

On March 25, 1971, the defendants Lital Jane McCoy and Rosemary McCoy, through their respective guardians, filed a joint motion for summary judgment in which they requested they be granted a summary judgment in the amount of $10,000 to be shared equally by them; that the claim of Nellie Mae West be dismissed; and for costs and all other proper relief. On March 26, 1971, the plaintiff, The Prudential Insurance Company, filed a copy of VA Form 29–8286, which is entitled "Servicemen's Group Life Insurance Election," executed by Herbert Walter McCoy on October 10, 1968. The deceased requested the 36 monthly installments plan of payment for insurance proceeds, but left the designation of beneficiaries section blank. He did take the full amount of insurance, $10,000, which is automatically provided unless waived.

An examination of the pleadings and exhibits thereto, together with the affidavit, establishes that there is no genuine issue as to any material fact. The

parties admit that there is no genuine issue of any material fact, and thus the case is one for disposition on the motion now before the court. The court has jurisdiction over the subject matter under 28 U.S.C. § 1335(a), the amount of the policy proceeds being $10,000. The substantive law of Arkansas governs as to the status of the claimants as beneficiaries while federal law applies to the possible designation of beneficiaries and order of succession as to the policy proceeds.

In the pretrial order previously mentioned, the court set out the stipulations of counsel as follows:

"1. Herbert Walter McCoy, a member of the Armed Forces of the United States, died near Lampasas, Texas, on or about November 16, 1969, as a result of an automobile accident. At the time of his death he was covered under Servicemen's Group Life Insurance, underwritten by plaintiff, The Prudential Insurance Company of America, in the amount of $10,000.

"2. Herbert Walter McCoy and Nancy Janet Roberts were married May 25, 1964, separated June 13, 1968, and divorced August 21, 1969.

"3. During the marriage of the deceased and Nancy Janet Roberts two children were born.

"4. Rosemary McCoy was born June 26, 1964, approximately one month after the marriage of the deceased and Nancy Janet Roberts, and the birth certificate of Rosemary McCoy reflects that her father was Herbert Walter McCoy and her mother was Nancy Janet Roberts McCoy.

"5. Rosemary McCoy was declared to be a dependent and neglected child, and on March 8, 1968, was awarded to the Children's Services Division of the Arkansas State Department of Public Welfare, and appears herein by her guardian, Janet Knight, Director of Children's Services of the State Department of Public Welfare.

"6. Lital Jane McCoy was born June 18, 1967, and her birth certificate reflects that her father was the deceased and her mother was Nancy Janet McCoy.

"7. The defendant Nellie Mae West is the mother of the deceased.

"There was reserved the questions of whether the deceased designated any beneficiary or beneficiaries by writing received in the uniformed services pursuant to 38 U.S.C.A. § 770(a), or whether the deceased had made an otherwise valid designation of a beneficiary or beneficiaries, and the attorney for the defendant Nellie Mae West was directed to proceed with all reasonable speed to determine whether such designation or designations were made; also, the contention of Nellie Mae West that, regardless of whether a designation of beneficiary was made, she desired to present proof to sustain her contention that she is entitled to the proceeds of the insurance policy, which question will, of course, be determined upon a trial on the merits, if necessary."

The defendant Nellie Mae West in her brief stated that the DA Form 41 filled out by deceased entitles her as his mother to the proceeds of said policy because he failed to designate a beneficiary under 38 U.S.C. § 765. In support of this proposition the recent Arkansas case of Shores v. Nelson, (1970) 248 Ark. 155, 450 S.W.2d 543, is cited as controlling. The case is not in point in this matter. In that case the deceased had executed a proper designation of beneficiary form, Form 3054, but the original of the 3054 was not in the deceased's personnel file. Copies of the properly executed form were in the finance records and in evidence at the trial. In the instant case the only form presented by Mrs. West is a DA Form 41 which is not a legal designation of a beneficiary. The cases are in no way similar.

Title 38, U.S.C. § 765 et seq., provides at § 770(a) for payment:

"First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing

received in the uniformed services prior to such death;

"Second, if there be no such beneficiary, to the widow or widower of such member or former member;

"Third, if none of the above, to the child or children of such member or former member and decedents of deceased children by representation;"

The VA Form 29–8286 filed by plaintiff clearly reflects that no such designation of beneficiary was made. The deceased simply left this section of the form blank. Though it is not supported by any direct evidence or authority, it is mentioned in the Amendment and Clarification of Withdrawal of Separate Answer and Counterclaim of defendant Nellie West that the divorce decree of Herbert Walter McCoy includes findings that there were no children born to them. The divorce decree makes no mention of any children whatsoever, and even if it did, the decree would not be decisive on the question before the court.

The defendants Lital Jane McCoy and Rosemary McCoy in their joint motion for summary judgment stated two basic issues: (1) Are the defendants Lital Jane McCoy and Rosemary McCoy children of the deceased, Herbert Walter McCoy, and (2) did the deceased designate his mother, Nellie Mae West, as the beneficiary of his $10,000 Servicemen's Group Life Policy?

On the first issue the defendants Lital Jane and Rosemary McCoy cite several Arkansas cases which state the principle that children born during a marriage are presumed to be the children of the respective spouses. West v. King, (1953) 222 Ark. 809, 262 S.W.2d 897; In re Thomas' Estate, (1958) 228 Ark. 658, 310 S.W.2d 248; and Morrison v. Nicks, (1947) 211 Ark. 261, 200 S.W.2d 100. Also cited is Ark.Stat.Ann. § 61–141, which repeats this presumption with respect to intestate succession. In the recent case of Earp v. Earp, (March 8, 1971) 250 Ark. 107, 464 S.W.2d 70, the court stated:

"The presumption of legitimacy means that the parties contesting the legitimacy of a child must bear the burden of proof and must show by sufficient evidence that the husband was impotent or entirely absent at the period in which the child in the course of nature was begotten. Kennedy v. State, 117 Ark. 113, 173 S.W. 842 (1915)."

■ There is not sufficient evidence of such in the case before this court. The court accepts the argument of these defendants, and they are presumed to be the children of the deceased. Even without the presumption, the record before the court establishes that the children are the daughters of the deceased.

The second argument of defendants Lital Jane and Rosemary McCoy is whether or not the deceased, Herbert Walter McCoy, designated his mother beneficiary for the SGLI policy. As previously mentioned, 38 U.S.C. § 770(a) provides the order of beneficiaries.

■ The defendant Nellie Mae West bases her theory of the case on the DA Form 41 filled out by the deceased. The DA Form 41 is not a designation of beneficiary, but is entitled "(Record of Emergency Data) Worksheet." According to a number of cases, one cited in the brief of defendants Lital Jane and Rosemary McCoy, a DA Form 41 is not sufficient to change a beneficiary. Wilmoth v. United States, (D.C.D.C.1969) 297 F.Supp. 1076; Collins v. Collins, (4 Cir. 1967) 378 F.2d 1020; Wells v. Ruiz, (10 Cir. 1967) 372 F.2d 119. The one requirement present in each case is that there must be some affirmative act present to show an intent to change beneficiaries. The case before the court at this time is somewhat different as there was no beneficiary designated at any time by the deceased, so this was not a change of beneficiary as in the cases cited above. However, it is the opinion of the court that the same principles should govern once the party has failed to des-

ignate a beneficiary on the original designation of beneficiary form. The act of failing to designate a beneficiary is in fact a designation of a beneficiary as set out in 38 U.S.C. § 770(a).

The plaintiff, The Prudential Insurance Company of America, is not making any claim for attorney's fees in this case.

For the reasons herein set forth, judgment is being entered today for the defendants Lital Jane McCoy and Rosemary McCoy directing that the proceeds of the policy be equally divided between the guardians of said defendants in accordance with the provisions in 38 U.S. C. § 770, and adjudging costs against the defendant Nellie Mae West.