**Belle McFARLAND, Plaintiff,**

v.

**UNITED STATES of America and Veterans Administration, Defendants.**

**Civ. No. 72-10.**

United States District Court,
S. D. California.

Dec. 1, 1972.

J. Kenneth Jensen, La Jolla, Cal., for plaintiff.

John A. Mitchell, Mitchell, Schmidt & D'Amico, San Diego, Cal., John R. Neece, Asst. U. S. Atty., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GORDON THOMPSON, Jr., District Judge.

This cause having come on for trial before the Court without a jury and the Court having duly considered the pleadings, the evidence adduced by the parties and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. James P. McFarland (the insured), while serving in the armed forced of the United States, was granted a policy of National Service Life Insurance (NSLI) in the amount of $10,000, which became effective as of January 1943, with his mother, Belle McFarland, (the plaintiff) designated as the sole principal beneficiary.

2. On February 6, 1951, the insured again designated the plaintiff as principal beneficiary in conjunction with his application for renewal of his NSLI policy. This is the latest designation of beneficiary in the files of the defendant Veterans Administration.

3. The insured was married to Faye McFarland (the additional defendant) on November 15, 1952. There were two children born of this marriage in April 1953 and September 1959.

4. Early in 1953 the insured attempted to secure an additional policy of insurance from the Acacia Mutual Life Insurance Company. In the Acacia agent's proposed plan of estate distribution (Defendant's Exhibit "L"), the following notation appears:

"Government compensation to wife."

5. There was uncontroverted testimony that on at least three occasions the insured had indicated or directly stated to his wife, the additional defendant, that she was or would be the beneficiary of his NSLI policy.

6. While on active duty in the United States Army, the insured executed a Record of Emergency Data (DD Form 93) dated April 26, 1955. (Def. Exh. "A")

a. One purpose of this document was to name, in Item 10, a person the Army should notify in case the designating serviceman should be injured, killed, captured or otherwise involved in an emergency. On the form in question, the insured's wife was so named.

b. Another purpose of the form was to designate, in Item 12, the principal and contingent beneficiaries of the "Serviceman's Indemnity" then available under Public Law 23, 82nd Congress (formerly 38 U.S.C. § 851 et seq., 1952 ed.) to the extent that the combined total of the individual serviceman's indemnity benefits and his NSLI policy proceeds would not exceed $10,000. In the insured's case, however, there was no entitlement to Serviceman's Indemnity, since he had been granted a full $10,000 NSLI policy. Nevertheless, in Item 12

of the insured's Record of Emergency Data (DD Form 93) he designated his wife, the additional defendant, as the sole principal beneficiary of his Serviceman's Indemnity and further specified that the amount she should receive was "$10,000." The insured's son, James P. McFarland, III, was designated as the sole contingent beneficiary of the "Serviceman's Indemnity" in the same amount, $10,000.

c. Insured's wife was also designated, in Item 13, as the "person to receive allotment of pay if missing or unable to transmit funds" and as the recipient of the insured's personal effects for safe keeping, in item 14.

d. The plaintiff was designated, in item 11, as the "BENEFICIARY FOR GRATUITY PAY *IN EVENT THERE IS NO SURVIVING SPOUSE OR ELIGIBLE CHILD.*" (Emphasis supplied.)

e. Finally, in item 8 of the form in question, there were two choices available describing the type of designation made by the serviceman: "INITIAL" and "CHANGE." In filling out this item, the insured chose the latter type of designation.

7. In July 1958 the insured designated his wife, Faye R. McFarland, as the primary beneficiary of his Federal Civil Service Retirement System benefits.

8. The insured died on September 18, 1970, due to acute myocardial infarction, while NSLI policy number V1573–80–04 was in full force and effect.

9. Following the death of the insured, the plaintiff, Belle McFarland, filed with the Veterans Administration a claim to the proceeds of the policy in question as the designated beneficiary of record. Additional defendant, Faye R. McFarland, also filed a claim to the proceeds of said policy, by reason of the aforementioned notation in item 12 of the Record of Emergency Data (DD Form 93) executed by the insured on April 26, 1965.

10. The Veterans Administration, through its Board of Veterans Appeals, considered the conflicting claims of the parties and on November 15, 1971, rendered its decision that, as a matter of law, the insured's execution of the aforementioned Record of Emergency Data (DD Form 93) was sufficient affirmative action and adequate evidence of his manifest intent to change the beneficiary of his NSLI policy from his mother (the plaintiff) to his wife (the additional defendant) and that the proceeds of the policy should be distributed accordingly. It is plaintiff's appeal from that decision that is before the Court, pursuant to 38 U.S.C. § 784.

## II

### DISCUSSION

■ The Board of Veterans Appeals correctly stated the law in this matter at Page 4 of its Findings and Decision:

"In cases involving a change of beneficiary, the clearly established rule was set forth in Mitchell v. United States, 165 F.2d 758 (5th Cir. 1948). There it was held that the Court will brush aside all legal technicalities in order to effectuate the manifest intent of the insured; and that if he manifested an intent to make a change and did everything reasonably within his power to accomplish his purpose, the Courts will treat as done that which ought to have been done and will give effect to the insured's intent. (Def. Exh. "D")

In applying the law to the facts of the case at bar, the Board concluded: "In the present case, it is clear that the insured's execution of DD Form 93 (the Record of Emergency Data) in April 1955 meets all of the conditions of the rule referred to above." (Respondent's Exhibit "B", p. 4.) The Board relied heavily on Bew v. United States, 286 F.2d 570 (4th Cir. 1961), a case whose facts closely parallel those of the instant case. In *Bew* the insured serviceman had executed a DD Form 93 "Record of Emergency Data" designating his wife, Joyce, as beneficiary for "$10,000." The form he signed contained the same parenthetical advice as the form signed

by McFarland, namely: "Designation for indemnity does not affect insurance (NSLI or USGLI) beneficiary designation." Nonetheless, the Fourth Circuit reasoned:

"Under the regulation, the form, itself, is an approved means of effecting a change of beneficiary as to indemnity, but not as to insurance, but, as the Board found, this serviceman could have had nothing else in mind when he designated Joyce as [his] sole beneficiary to the extent of $10,000, for that amount could be referable only to insurance." 286 F.2d at 572.

In *Bew,* as in the case at bar, the serviceman had the maximum amount of NSLI and thus was entitled to no Serviceman's Indemnity under Public Law 23, 82nd Congress at the time he executed the DD Form 93. Thus, the Court concluded that the insured's reference to "$10,000" could only have meant the proceeds of his NSLI policy. The same reasoning is applicable here. It is interesting to note that in *Bew* the insured serviceman had been divorced by his wife *a mensa et thoro* while on foreign duty, though the two had resumed conjugal relations and were living together as man and wife at the time of the execution of the DD Form 93. The Court of Appeals of the Fourth Circuit upheld this as a valid change of beneficiary in favor of the capricious widow over an earlier change, executed on the proper VA form (Change of Beneficiary Form 9–336), in favor of the insured's brother. In contrast, the insured in the case at bar was continously married to Faye R. McFarland, without evidence of marital strife from 1952 until his death in 1970, and had two children by her.

In Ward v. United States, 371 F.2d 108 (1966) the Seventh Circuit also considered an insured's use of the DD Form 93 to effect a change of beneficiary of his NSLI policy, despite the parenthetical language thereon advising him that the form "(Does not operate as a designation or change of beneficiary of any insurance contracts issued by United States ·Government)." The Court in *Ward* likewise held that the insured was not entitled to the Serviceman's Indemnity since he was covered by NSLI to the maximum amount of $10,000 and thus could only have been referring to his NSLI policy when he specified that his wife was to be the beneficiary in the sum of "$10,000." In upholding the District Court's determination that the execution of the DD Form 93 was sufficient to change beneficiaries, the Seventh Circuit observed:

"It is well established that in order to effectively change a beneficiary in a NSLI policy, the insured must have acted affirmatively in writing. A number of cases have discussed the proof requirements on the element of intent. A writing by the decedent is a minimum requirement whether it be a personal letter, Moths v. United States, 7 Cir., (1950), 179 F.2d 824, or an incorrect form furnished by the Government, Mitchell v. United States, 5 Cir., (1948), 165 F.2d 758; Prose v. Davis, 7 Cir., (1949), 177 F.2d 478, cert. den. 339 U.S. 920, 70 S.Ct. 624, 94 L.Ed. 1344; Bew v. United States, 4 Cir.· (1961), 286 F.2d 570." 371 F. 2d at 110.

■ Where the Ninth Circuit has been confronted with NSLI policy problems involving change of beneficiary it has followed the general rule that:

"[T]wo conditions are necessary in order to change the designation of beneficiary of National Service Life Insurance without having completed the prescribed forms. First, the serviceman must have intended to change his beneficiary. Secondly, he must have done an overt act directed toward accomplishing his intent to change the beneficiary. This rule has been followed by this circuit." Behrens v. United States, 299 F.2d 662, 663 (9th Cir. 1962). ·

■ The Court in *Behrens* was careful to add that the DD Form 93 might not be enough, standing alone, to establish proof of a change of beneficiary but

was satisfied "that additional proof coupled with the form would be sufficient to raise it to a dignity above mere 'surmise, speculation and conjecture' and to effect a change of beneficiary." 299 F. 2d at 665. In the instant case there is an abundance of such additional proof that James P. McFarland intended in April 1955 to shift the focus of his care from his mother to his wife and child. The insured indicated in Item 8 of the DD Form 93 (Def. Exh. "A") that this designation was a "CHANGE." It may be noted that the insured had never made a Serviceman's Indemnity designation before, never having been entitled to it, since he had always been maximally covered by NSLI. Thus, the change could only have referred to his NSLI policy, concerning which he had made a prior designation, to his mother. Also, his wife was mentioned as the primary beneficiary of whatever benefits he might be entitled to bestow upon her as a serviceman. She was also designated as the recipient of his personal effects and allotments of pay if something should happen to him, presumably in recognition of the responsibilities that would descend upon her as the widowed mother of his child. A previous DD Form 93, signed in 1951, designated the insured's mother as primary beneficiary of his serviceman's death gratuity and as recipient of his pay should he be missing in action. (Def. Exh. "H") In contrast, the 1955 form relegated the plaintiff to the status of contingent beneficiary for the death gratuity, behind the insured's wife and eligible children. She had obviously been replaced in all other pertinent categories by her daughter-in-law, Faye.

Further consistent evidence of the insured's intent to change beneficiaries to provide for his new family was his attempt, in early 1953, to obtain commercial insurance for their benefit. To help explain the proposed plan of insurance, the agent represented it graphically by an Estate Distribution Chart (Def. Exh. "L") which unmistakably made reference to provisions for the insured's wife. Also, in July 1958, the insured had designated his wife as primary beneficiary of the lump sum death benefits payable by the Civil Service Retirement System. (Def. Exh. "D")

If this was not enough to establish the natural interdependent relationship of husband and wife which existed between the insured and his spouse, there was also uncontroverted testimony that the insured had personally on at least three occasions assured Faye that she was the beneficiary of his life insurance, and the NSLI policy was the only insurance he had.

### III

### CONCLUSIONS OF LAW

In view of the foregoing, the Court makes the following conclusions of law:

1. This Court has jurisdiction over the subject matter of this litigation and of the parties thereto. 38 U.S.C. § 784.

2. The insured, James P. McFarland, took affirmative action on April 26, 1955, which caused his wife, Faye, to become the designated beneficiary of his $10,000 National Service Life Insurance Policy, Number V1573 80 04. 38 U.S.C. § 717(a).

3. The additional defendant, Faye R. McFarland, by virtue of the Court's finding that she was designated the beneficiary of the National Service Life Insurance Policy herein sued upon, is entitled to judgment awarding to her the proceeds thereof.

4. John A. Mitchell, the attorney of record for the additional defendant, is entitled to a reasonable fee for the services he has rendered the additional defendant in this litigation, which fee the Court fixes at 10% of the amount received and to be paid to the additional defendant by the Veterans Administration under the said policy.